### SULLIVAN v. ROBERTSON, Collector.

*(Circuit Court, S. D. New York. February 15, 1889.)*

1. CUSTOMS DUTIES—CONSTRUCTION OF LAWS—ACT MARCH 3, 1883, SCHEDULE K.

The proviso as to goods weighing over four ounces per squ are yard, at the end of the paragraph relating to women's and children's dress goods composed wholly or in part of wool or worsted, in Schedule K of the act of March 3, 1883, relates only to such goods as are composed wholly of wool or worsted. Following *Ellison* v. *Hartranft,* 24 Fed. Rep. 136.

2. SAME.

The phrase "goods of like description" in the provision of Schedule K of the act of March 3, 1883, for "women's and children's dress goods, coat linings, Italian cloths, and goods of like description," etc., is not restricted in its application to Italian cloths, but relates also to "women's and children's dress goods."

3. SAME—"THYBET" CLOTHS.

Articles known as "Thybet" cloths or coatings, made of cotton warp and worsted filling, which are commercially known as "dress goods," or are of like description to dress goods, as known in trade and commerce, are properly dutiable (when valued at less than 20 cents per square yard) at 5 cents per square yard and 35 per cent. *ad valorem,* under the provision for women's and children's dress goods in Schedule K of the act of March 3, 1883, and not at 35 cents per pound and 40 per cent. *ad valorem,* under the provision in the same schedule for "all manufactures of every description composed wholly or in part of worsted, valued at above 80 cents per pound."

At Law.

This was an action against a former collector of the port of New York, to recover duties alleged to have been exacted in excess of the lawful rate on certain "Thybet Coatings." Duty had been assessed and exacted at 35 cents per pound and 40 per cent. *ad valorem,* under the provision in Schedule K, act of March 3, 1883, for "manufactures of every description composed wholly or in part of worsted, valued at over 80 cents per pound." The importer claimed them to be dutiable at 5 cents per square yard and 35 per cent. *ad valorem,* under a provision in the same schedule for "women's and children's dress goods, coat linings, Italian cloths, and goods of like description, composed in part of worsted, valued at less than 20 cents per square yard." Evidence was adduced by plaintiff to show that the goods were commercially known as "dress goods," or were like such goods; that they were valued at less than 20 cents per square yard; that they were made of cotton warp, with worsted filling; and that they were used for ladies' and children's dresses and jackets. Defendant gave evidence showing that the goods weighed over four ounces to the square yard, and that they were largely used by tailors to make men's

clothing, and were known by them as "coatings." At the close of the case, plaintiff's counsel moved for the direction of a verdict in his favor, on the ground that there was no conflict of testimony as to the fact that the goods imported were commercially known as "dress goods," or were of like description thereto.

*Stephen G. Clarke*, for plaintiff.

*Stephen A. Walker*, U. S. Atty., and *W. Wickham Smith*, Asst. U. S. Atty., for defendant.

LACOMBE, J., (*after stating the facts as above.*) As to the proviso at the close of paragraph 365, it has been held in *Ellison* v. *Hartranft*, 24 Fed. Rep. 136, that it applies solely to so much of the paragraph as begins with the words, "if composed wholly of wool." That opinion seems not to have been reviewed in the supreme court. It has been adhered to since, and I shall follow it in this case.

There remains, then, but one question for determination, — whether these goods are women's and children's dress goods, coat linings, Italian cloths, or goods of like description. As to the question whether or not they are women's and children's dress goods, there might perhaps be sufficient conflict of evidence to send the case to the jury, although even that is doubtful; but that they are goods of like description to women's and children's dress goods, as those goods were known in trade and commerce in this country at the time that the act was passed, I think there is no conflict of testimony at all. The question, then, resolves itself into this: Do the words "goods of like description," in paragraph 365, qualify only "Italian cloths," or do they qualify the entire preceding enumeration of articles? Construing them according to the very strictest rules of grammar, I suppose it should be held that they qualify all that precedes; that, had the other meaning been intended, the word "and" would properly have preceded the word "Italian," so that the clause should read: "Women's and children' dress goods, coat linings, and Italian cloths, and goods of like description." But of course these statutes are not to be construed by any mere strict or critical interpretation according to grammatical rules, and the conclusion to which I have arrived is strongly fortified by considering the phraseology of this statute in connection with prior acts. With regard to this general group of goods, (which we know, not only from the evidence in this case, but from our experience in other cases, is a species of fabric which women use for their dresses,) we find that in the act of 1857 congress undertook to describe them as "delaines." In the act of 1861, it having turned out that there were a great many kinds of delaines, and that there were a great many other articles which might or might not be delaines, and which were called all sorts of names in the trade, they provided for them by the description: "All delaines, cashmere delaines, barege delaines, composed wholly or in part of worsted, wool, mohair, or goat's hair, and on all goods of similar description." The decision in the *Square Yard Cases*,[1] and the universal

---

[1] Schmieder v. Barney, 5 Sup. Ct. Rep. 624, and cases there cited.

acceptance of the treasury department, as to the meaning of this particular phrase, was that the words "of similar description" there were not restricted to "barege delaines," but qualified "delaines" and "cashmere delaines" as well. So, when the phrase "of similar description" first came into this part of the tariff act, it was used to qualify all the articles that preceded it in the enumeration of this paragraph. The same thing appears in the act of 1862, when it was discovered that there was still another variety of delaines that congress apparently had not known of before, and to which the name "muslin" delaine was applied. Undoubtedly, when that name was inserted, the phrase "of similar description" qualified "muslin" delaines just as much as it did "barege" delaines. In 1864 congress seems to have given up all effort to describe these articles by a long list of names and the phrase "of similar description," and to have started out with a new nomenclature, "women's and children's dress goods, composed wholly or in part of wool, worsted, the hair of the alpaca, goat, or other animals." In 1867, however, it having been found that there were several articles which could not be termed "women's and children's dress goods," such as Italian cloths, they altered the phraseology to read: "Women's and children's dress goods, and real and imitation Italian cloths." By 1883, however, some other varieties of the article had turned up which it was necessary for them to enumerate; they therefore inserted the words "coat linings," so that the clause read: "Women's and children's dress goods, coat linings, Italian cloths,"— (the words "Italian cloths" covering, of course, both the real and the imitation,) and then, in order to cover any new articles that should come, they added the words "and goods of like description." So that the paragraph now reads: "Women's and children's dress goods, coat linings, Italian cloths, and goods of like description." I see no reason why the phrase "goods of like description" should not be taken, in this last state of the section, as being of the same purport and intent as when it was first introduced into the tariff act, viz., as qualifying all the articles which are enumerated in the clause preceding that phrase. Under the evidence, as to which there seems to be no dispute, these goods, even if not "women's and children's dress goods," are "goods of like description" to them, or are "goods of like description" to "coat linings," or to "Italian cloths." For that reason I shall direct a verdict for the plaintiff.

